NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1808
_____

DANIEL GALLAGHER,
Appellant


v.


ATLANTIC CITY BOARD OF EDUCATION; THE BRIGANTINE
REPRESENTATIVE; RASHUN STEWART,
in his official capacity as President of the Atlantic City Board of Education; THE
VENTNOR REPRESENTATIVE;
THE MARGATE REPRESENTATIVE, in their official capacities as representatives of
certain school boards; CHRISTOPHER STORCELLA; DANIEL CAMPBELL;
THERESA KELLY; THOMAS GABRIEL; JOAN GLICK
_____

On Appeal from the United States District Court
For the District of New Jersey
(Civ. No. 08-cv-03262)
District Judge: Honorable Robert B. Kugler
_____

Submitted under Third Circuit L.A.R. 34.1(a),
March 21, 2011

BEFORE: FUENTES, SMITH and VAN ANTWERPEN, *Circuit Judges*

(Opinion Filed: March 31, 2011)
_____

OPINION OF THE COURT
_____

1

FUENTES, *Circuit Judge*.

Appellant, Daniel Gallagher, appeals the District Court's decision to grant a motion for summary judgment filed by appellee Rashun Stewart and a motion for summary judgment filed by a group of appellees comprising the Atlantic City School Board and several of its representatives (collectively "the School Board"). We will affirm both rulings.

I.

We write solely for the benefit of the parties and therefore assume their familiarity with the facts of this case, as set forth in detail in the District Court's opinions. *See Gallagher v. Atl. City Bd. of Educ.*, No. 08-3262, 2010 WL 572160 (D.N.J. Feb. 17, 2010) ("*Gallagher III*"). *See also Gallagher v. Atl. City Bd. of Educ.,* No. 08-3262, slip op. (D.N.J. Nov. 16, 2009) ("*Gallagher II*"); *Gallagher v. Atl. City Bd. of Educ.*, No. 08-3262, 2009 WL 520952 (D.N.J. Feb. 27, 2009) ("*Gallagher I*").

Gallagher's appeal restates the arguments he presented to the District Court. Appealing the District Court's ruling granting Stewart's motion for summary judgment, he argues that Stewart can be liable for having influence over members of the School Board who decided to vote against Gallagher for the position of Board Solicitor even though Stewart was not president of the School Board when the vote took place. This argument is no more persuasive now than it was before the District Court. We reject it for the reasons set forth in the District Court's memorandum. *See Gallagher II*, slip op. at 5 ("Plaintiff offers no authority for the proposition that Defendant Stewart's act of appointing supporters to committee positions was improper in any way.").

Appealing from the School Board's motion for summary judgment, Gallagher argues that it was not an unwaivable conflict of interest to serve as counsel to a board member suing the Atlantic City School Board while seeking a position as the Board's solicitor. The District Court—thoroughly familiar with New Jersey's rules of professional conduct—rejected this argument. We do, too. *See Gallagher III*, 2010 WL 572160, at \*3 ("There is no doubt here that on one hand Plaintiff sought to advocate against the Board, and on the other he sought to represent it. Even though Plaintiff maintains that his suit was against some subset of the Board, that position is untenable.").

The District Court gave Gallagher's claims thoughtful and careful consideration in several written opinions. We have nothing to add to its analysis and therefore affirm its rulings for the reasons set forth in the record.